IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTUAN S. HAILS, #217 513, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-184-WHA |
| | ) | [WO] |
| CARTER DAVENPORT, WARDEN, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Antuan Hails, on February 14, 2013.[1]  In this petition, Petitioner challenges his convictions for capital murder and second degree assault entered against him by the Circuit Court for Montgomery County, Alabama, on April 22, 2003.  The trial court sentenced Petitioner to life imprisonment without the possibility of parole. *Doc. Nos. 1, 12*. On April 23, 2004, the Alabama Court of Criminal Appeals affirmed Petitioner's convictions. That court denied his application for rehearing on May 14, 2004, and the Alabama Supreme Court denied certiorari

---

[1] Petitioner originally filed this petition with the United States District Court for the Northern District of Alabama on February 27, 2013.  That court transferred the case to this court by order entered March 13, 2013. Although the Clerk for the United States District Court for the Northern District of Alabama stamped the present petition "filed" on February 27, 2013, an inmate account clerk certified the *in forma pauperis* affidavit submitted with the petition on February 14, 2013.  Thus, it is clear that Petitioner had these documents within his possession at such time and, therefore, could not have submitted them to prison officials for mailing prior to February 14, 2013.  The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th  Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers February 14, 2013 as the date of filing.

review and issued a certificate of judgment on August 13, 2004. By operation of law, Petitioner's convictions became final on November 11, 2004.

Pursuant to the orders of this court, Respondents filed an answer and supplemental answers where they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Petitioner's convictions became final in 2004–after the effective date of the statute of limitations–he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on March 17, 2005. They maintain that even allowing a tolling of the limitation period during the pendency of the Rule 32 proceeding, the limitation period expired prior to Petitioner filing the present federal habeas petition. *Doc. No. 12, pgs. 7-8*; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Based on Respondents' answer, as supplemented, the court entered an order advising Petitioner he had not filed his federal habeas petition in the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Doc. No. 14*. The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed a response. *See Doc. No. 17*. On review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

# II. DISCUSSION

## A.  Actual Innocence- Independent Claim

Petitioner argues he is entitled to federal habeas relief because he is actually innocent of the offenses of which he was convicted. *Doc. Nos. 1, 17*. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-- not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Thus, Petitioner is entitled to no relief on his independent claim of actual innocence.

## B.  Actual Innocence - Gateway to Excuse Time Bar

This court must determine whether Petitioner has made a showing of actual innocence before addressing Respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations.  *See McQuiggin v. Perkins*, ___ U.S. ____, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."); *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Fla. Dep't. of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008);  *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.'

*Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."
*Bousley v. United States*, 523 U.S. 614, 623 (1998).   "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley,* 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

To support his claim he is actually innocent of his convictions and his innocence serves as a "gateway" through which this court may consider his claims otherwise barred by the one-year limitation period, Petitioner alleges that the State and law enforcement officials failed to disclose alleged exculpatory video evidence and/or impeaching statements obtained from various witnesses interviewed after the crime, he received ineffective assistance of trial counsel, and the evidence was insufficient to sustain his convictions. *Doc. Nos. 1, 17.* Petitioner cites *Brady v. Maryland,* 373 U.S. 8383 (1963), and *United States v. Bagley,* 473 U.S. 667 (1985), among others, and submits copies of various police reports to support his argument that prosecutors and

4

law enforcement officials had exculpatory or impeaching information not disclosed to him or his trial counsel. *See Doc. No. 1 abd Exhs. 1-12*. Petitioner's arguments, however, are based on bare assumptions and his own unsupported conclusions. His allegations regarding the alleged non-disclosure of exculpatory evidence, along with his general denial that he did not commit the offenses which he was convicted of, are devoid of any factual support in the form of new reliable evidence that was not presented or available at trial, and, thus, are insufficient to constitute a credible claim of actual innocence.

Petitioner also contends in support of his actual innocence claim that trial counsel failed to prepare for trial, failed to interview the police investigators or witnesses on the indictment list, failed to allow Petitioner to testify in his own defense, failed to object to the perjured testimony of prosecution witnesses or counter such testimony by presenting impeachment evidence through uncalled witnesses, and disregarded the "substance" of vital witnesses and the existence of video footage from a store close to the crime scene, both of which trial counsel was aware and the evidence from which, Petitioner claims, would have exonerated him. *Doc. Nos. 1, 17.* The challenges to trial counsels' performance do not constitute new evidence. Further, although the Eleventh Circuit has not directly decided whether evidence available at trial but simply not presented should be considered "new" under *Schlup*, *see Rozzelle*, 672 F.3d at 1018 n.21 (declining to reach issue but discussing decisions from other circuits, some holding that evidence is not "new" under *Schlup* if it was available at trial but petitioner chose not to present it to the jury, others holding that evidence is "new" under *Schlup* if it was not presented at trial), Petitioner's claims regarding trial counsels' performance of known-but-not-presented evidence amounts to only his own self-serving, unsupported, conclusory claim he is actually innocent of the crimes for which he was convicted.  This argument with his other ineffectiveness challenges

5

and his assertion that the evidence presented at trial was insufficient to sustain his convictions, are, essentially, attempts to challenge the State's failure to prove the essential elements of the offenses for which he was convicted or constitute claims of legal insufficiency rather than factual innocence. *Bousley*, 523 U.S. at 623-24; *see, e.g., Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations of prosecution's failure to prove essential elements of offense go to sufficiency of and/or weight afforded the evidence presented and do not constitute "new reliable evidence" going to petitioner's actual innocence); *see generally  Conteh v. United States*, 226 F. Supp.2d 514, 519-20 (S.D.N.Y. 2002) ("A Section 2255 motion is not a vehicle for rearguing the credibility of witnesses.").

Here, Petitioner's actual innocence claim rests on his speculative contention that impeaching or exculpatory information know to the State and/or law enforcement officials was not disclosed to him, that trial counsel performed deficiently,  and that the State failed to prove its case. These claims are bare and conclusory allegations of actual innocence unsupported by any factual evidence and/or are attempts to reweigh the sufficiency of the evidence presented at trial. Petitioner's assertions, however do not amount to "new reliable evidence" of his actual innocence nor has he demonstrated that any such evidence exists to establish his actual innocence to meet the standard set forth by *Schlup*. Therefore, Petitioner is not entitled to the actual-innocence exception to the habeas statute's time-bar, and his petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

## C.  The Federal Period of Limitation

Federal habeas corpus petitions filed under 28 U.S.C. § 2244(d) are subject to a one-year period of limitation.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Twenty-eight U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of three counts of capital murder and one count of second degree assault in the Circuit Court for Montgomery County, Alabama, on April 22, 2003.  Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on April 23, 2004.[2] *Doc. No. 12, Exh. A.* The Court of Criminal Appeals denied Petitioner's application for rehearing on May 14, 2004. *See Hails v. State*, 919 So.2d

---

[2] The Alabama Court of Criminal Appeals addressed Petitioner's claims that: 1) the evidence was insufficient to sustain his convictions; 2) his convictions for three counts of capital murder violated the Double Jeopardy Clause; 3) the trial court erroneously refused to allow him to introduce extrinsic evidence about a prior inconsistent statement made by Tamara Wellington; 4) his right to due process was violated because counsel was not appointed to represent him until after the time to request a preliminary hearing had lapsed; and 5) his convictions should be set aside because his incarceration from the time of his arrest until the time of his indictment was illegal because his arrest warrant for capital murder was defective where the affidavit in  support of the warrant consisted of conclusions that did not support a finding of probable cause. *Doc. No. 12, Exh. A.*

7

1236 (Ala.Crim.App. April 23, 2004) (table). On August 13, 2004, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment on that same date. *Doc. No. 12, Exh. B*.

By operation of law, Petitioner's 2003 convictions for capital murder and second degree assault became final on November 12, 2004 -- ninety days after the Alabama Supreme Court entered its certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' see 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).   Thus, the one-year limitation period in section 2244(d)(1)(A) began to run on this date.

### i. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 124 days or four months and four days after Petitioner's convictions became final until he filed a Rule 32 petition with the trial court on March 17, 2005. The trial court summarily dismissed the petition by order dated June 22, 2005. On appeal, the Alabama Court of Criminal Appeals affirmed the lower court's ruling on September 16, 2005. Petitioner filed no application for rehearing and the appellate court issued a

certificate of judgment on October 5, 2005.   At that time, Petitioner had 241 days of the AEDPA limitation period remaining. Thus, the court finds that the limitation period for Petitioner to file a timely federal habeas petition expired on June 5, 2006.   As noted, Petitioner filed his habeas petition on February 14, 2013, over seven years after the limitation period expired.

### ii. Equitable Tolling

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).   The diligence required is "reasonable diligence," not "maximum feasible diligence," *see Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).   "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid

application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*; *see Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

The court granted Petitioner an opportunity to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d). *See Doc. No. 14*. Plaintiff alleges no extraordinary circumstance that would have prevented his timely filing his federal petition. *Doc. No. 17.* To the extent Petitioner  asserts his claim of actual innocence to avoid the preclusive effect of the limitation period, as explained, he has failed to demonstrate his actual innocence.  Consequently, the undersigned finds no basis upon which to extend the one-year deadline, and Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling.  *See Sandvik*, 177 F.3d at 1271.

Petitioner filed the instant petition for federal habeas corpus relief on February 14, 2013. Under the facts of this case, the time allowed Petitioner for filing a federal habeas petition seeking to challenge his 2003 convictions expired on June 5, 2006.  The limitation period, therefore, expired over seven years prior to Petitioner filing this federal habeas action, and he has failed to demonstrate that his petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Antuan Hails be DENIED as it was not filed within the period of limitation established by applicable federal law;

2. This case be DISMISSED with prejudice.

It is ORDERED that all pending motions are DENIED.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation on or before **February 12, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 29th day of January, 2016.


  /s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE